# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEWAYNE ALLEN,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>M. POLLARD, Warden, et al.,<br><br>　　　　　　　　　　Respondents. | Case No.:  20cv1642-GPC (MDD)<br><br>**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING CASE WITHOUT PREJUDICE** |

　　　Petitioner, a state prisoner confined at the R.J. Donovan Correctional Facility in San Diego, California, serving a 12-year sentence imposed in the Los Angeles County Superior Court in 2019, is proceeding pro se with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, seeking immediate release from custody due to dangers to his health arising from the Covid-19 pandemic.  (ECF No. 1.)  He has also filed an application to proceed in forma pauperis.  (ECF No. 2.)

## REQUEST TO PROCEED IN FORMA PAUPERIS

　　　The request to proceed in forma pauperis is inadequately supported because Petitioner has not provided the Court with sufficient information to determine his financial status.  A request to proceed in forma pauperis made by a state prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution.  Rule 3(a)(2), 28 U.S.C. foll. § 2254;

Local Rule 3.2.  Petitioner has failed to provide the Court with the required Prison Certificate.  Accordingly, the Court **DENIES** the request to proceed in forma pauperis.

### FAILURE TO STATE A COGNIZABLE HABEAS CLAIM

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." See id.  Petitioner has not identified any federal ground for relief in the Petition, and has not alleged that his continued incarceration violates the Constitution or laws or treaties of the United States.

To the extent Petitioner is complaining that the conditions of his confinement, including the manner in which he is receiving treatment for or protection from Covid-19, violate his federal constitutional rights, the proper form of action is a civil rights complaint pursuant to 42 U.S.C. § 1983.  See Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir. 1979) (holding that the proper remedy for claims challenging conditions of confinement is a civil rights action pursuant to 42 U.S.C. § 1983).  Although the Court has discretion under limited circumstances to construe a claim presented in a habeas petition as a § 1983 claim, see Nettles v. Grounds, 830 F.3d 922, 935-36 (9th Cir. 2016) (en banc), the Court declines to do so as it might expose Petitioner to the full filing fee for a 42 U.S.C. § 1983 action.

### FAILURE TO ALLEGE EXHAUSTION OF STATE COURT REMEDIES

Finally, even if the federal Petition could liberally be construed as presenting a federal habeas claim, Petitioner indicates he has not presented his claims to the California

Supreme Court.  (ECF No. 1 at 6-9.)  Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies.  28 U.S.C. § 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition.  28 U.S.C. § 2254(b), (c); <u>Granberry</u>, 481 U.S. at 133-34.  Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated.  The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>."  <u>Id.</u> at 365-66 (emphasis added).  The burden of proving a claim has been exhausted lies with Petitioner.  <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir. 1981).

Petitioner states that he has not presented his claims to the California Supreme Court because: "We were not faced with a global pandemic." (ECF No. 1 at 5.)  A federal habeas petitioner is not required to satisfy the exhaustion requirement where "there is an absence of State corrective process," or "circumstances exist that render [that state corrective process] ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii).  Petitioner has made no such showing, and federal courts nationwide have rejected a bare futility excuse by federal habeas petitioners seeking release from state custody due to the Covid-19 pandemic.  <u>See</u> e.g. <u>Griffin v. Cook</u>, 2020 WL 2735886, at *5 (D. Conn. May 26, 2020) (collecting cases).

## CONCLUSION AND ORDER

Petitioner's Motion to Proceed In Forma Paupers is **DENIED**.  The Petition is **DISMISSED** without prejudice for failure to satisfy the filing fee requirement, failure to state a cognizable federal habeas claim and failure to allege exhaustion of state court remedies.  If Petitioner wishes to proceed with this action he must, **on or before September 28, 2020**, either pay the $5.00 filing fee or submit an application to proceed in

forma pauperis which contains the proper prison certificate **and** file a First Amended Petition which cures the defects of pleading identified in this Order.  If Petitioner has not filed an amended petition alleging exhaustion of state court remedies on or before that date, and he still wishes to proceed with his claim in a habeas petition in this Court, he will be required to start over by filing a new action.  The Clerk of Court will send Petitioner a blank Southern District of California in forma pauperis application which contains the proper prison certificate and a blank Southern District of California amended 28 U.S.C. § 2254 petition form along with a copy of this Order.

**IT IS SO ORDERED.**

Dated:  September 2, 2020

Hon. Gonzalo P. Curiel
United States District Judge